305 F.2d 341
 James H. MEREDITH, on behalf of himself and others similarly
situated, Appellant,
v.
Charles Dickson FAIR, President of the Board of Trustees of
the State Institutions of Higher Learning, et al.,
Appellees.
 No. 19475.
 United States Court of Appeals Fifth Circuit.
 Feb. 12, 1962.
 
 C.B. Motley, New York City, R. Jess Brown, Vicksburg, Miss. (Jack Greenberg and Derrick A. Bell, Jr., New York City, on the brief), for appellant.
 Chas. Clark, Dugas Shands, Asst. Atty. Gen. of Mississippi, Joe T. Patterson, Atty. Gen. of Mississippi, and Edward L. Cates, Asst. Atty. Gen. of Mississippi, Jackson, Mississippi, for appellees.
 Before TUTTLE, Chief Judge, and RIVES and WISDOM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Pursuant to the provisions of Title 28 U.S.Code 1651[1] and Rule 62(g), F.R.Civ.P., 28 U.S.C.A.,[2] the appellant moves the Court for an injunction during the pendency of this appeal, enjoining the appellees from refusing to admit appellant to the Liberal Arts College of the University of Mississippi for the semester which commenced February 6, 1962, and as to which admissions can be received no later than February 15, 1962, on the ground that such injunction is necessary in aid of this Court's jurisdiction of this appeal which, according to appellant, would otherwise be defeated through mootness of this appeal.
 
 
 2
 The district court's judgment was entered on February 5, 1962, and the testimony taken before the district court is not yet available to this Court. Hearing on the motion for injunction pending appeal was had before this Court on Saturday, February 10, 1962.
 
 
 3
 The ground upon which appellant claims that this appeal will become moot before it can be heard and decided in normal course is that, prior to such time, the appellant will graduate from Jackson State College, and will then lose any right to be admitted to the Loberal Arts College of the University of Mississippi. The appellees point out that it is within the appellant's power to avoid that result by his non-attendance on Jackson State College for one quarter of a school year.[3] The appellees insist, and assure this Court, that such non-attendance would not prejudice the appellant's claim to a right to be admitted to the Liberal Arts College of the University of Mississippi.
 
 
 4
 While we appreciate the hardship which such non-attendance may impose on the appellant, when that hardship is balanced against other possible irreparable damages which might be suffered by the appellant himself and by the appellees from the issuance of the mandatory injunction prayed in the event that the judgment of the district court should ultimately be affirmed, such hardship is not sufficient to permit us to issue the mandatory injunction prayed without an opportunity to study the full record and testimony on the hearing before the district court. At this time we express no views on the merits of this appeal.
 
 
 5
 By expediting the hearing of this appeal, it can be decided on its merits before the beginning of the next college term. The Clerk of this Court and the parties are therefore directed to take all necessary and proper steps to expedite the hearing of this appeal on its merits, and the motion for injunction pending appeal is denied. The Clerk is directed to issue the mandate forthwith.
 
 
 6
 TUTTLE, Chief Judge.
 
 
 7
 I respectfully dissent.
 
 
 8
 I think the record already submitted, without the benefit of the record in the trial on the merits, calls for our granting the injunction pending appeal.
 
 
 9
 Undisputed facts, of which we have already taken cognizance when this case was here on appeal from denial of an interlocutory injunction show that the appellant was denied admission on the stated grounds: (1) that he had failed to furnish recommendations from six alumni of the University; (2) that the University policy (adopted after Meredith originally applied for transfer) prevented a transfer from an unaccredited institution (Jackson State College was at that time unaccredited); (3) the letter then stated: 'I see no need for mentioning any other deficiencies.'
 
 
 10
 In view of our holding in the earlier opinion that 'We take judicial notice that the state of Mississippi maintains a policy of segregation in its schools and colleges', and our holding that the requirement of alumni recommendations was unconstitutional as to Negro applicants and in view of the failure of the defendants to assign any other reason for rejecting appellant's application for transfer, I am convinced that there is sufficient likelihood that this Court will reverse the trial court's finding that Meredith was not denied admission on racial grounds that I would grant the injunction pending appeal.
 
 
 11
 Jackson State College is now fully accredited, and there is thus now no bar to appellant's transfer on that ground. Nor is there any evidence, even on the trial on the merits, that Meredith would necessarily lose any credits which he has already earned at Jackson State College.
 
 
 12
 If Meredith continues as a student at Jackson State College, which he must do in order to continue to be entitled to his G.I. educational benefits for himself and his family, he will graduate in June of this year and he cannot thereafter enter the University of Mississippi as a candidate for a bachelor's degree. I do not believe that he should be required to leave college at the beginning of his final term to prevent his appeal from becoming moot. Unless he is admitted to the University by February 15, just three days hence, he cannot transfer until the next term. Therefore, if he is denied the injunction and does not quit school for a term (to keep from graduating) he will be forever denied the right to enter his state university as a candidate for an undergraduate degree, which right I think this Court may well ultimately decide he is entitled to.
 
 
 13
 I do not think this Court ought to cencern itself with any possible damage to the appellant by granting his motion for injunction. He does not need for us to help him decide whether he really wants what he is here fighting so hard to get.
 
 
 14
 I therefore respectfully dissent.
 
 
 
 [1]
 'Writs. (a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law
 '(b) An alternative writ or rule nisi may be issued by a justice or judge of a court which has jurisdiction. June 25, 1948, c. 646, 62 Stat. 944, amended May 24, 1949, c. 139, 90, 63 Stat. 102.'
 
 
 [2]
 'Rule 62 * * * (g) Power of Appellate Court Not Limited. The provisions in this rule do not limit any power of an appellate court or of a judge or justice thereof to stay proceedings during the pendency of an appeal or to suspend, modify, restore, or grant an injunction during the pendency of an appeal or to make any order appropriate to preserve the status quo or the effectivess of the judgment subsequently to be entered. As amended Dec. 29, 1948, effective Oct. 20, 1949.'
 
 
 [3]
 It seems to us, also, that the appeal would not be mooted if appellant did not in fact graduate from Jackson State College because of being permitted to choose subjects of study other than those leading to his graduation